Girren, J.
Upon a former hearing of this cause we found that the court erred in receiving the McDonald deed in evidence, and in leaving its construction to the jury, but that only one issue was affected thereby; and the jury having found upon both issues in favor of the defendant, the judgment should be affirmed.
It now appears that the transcript, which showed that the jury “upon the issues joined find for the defendant,” was not true and correct, and that the original verdict was upon a single issue only,but one which,of the two issues tendered, can not now be determined. Hence the judgment must be reversed.
It is urged that the defense of the statute of limitations, in an action under the code for the recovery of real property, tenders no issue, but is only another mode of denying plaintiff’s title. Powers v. Armstrong, 36 Ohio St., 357. We are of the opinion that where the statute is specially pleaded as a defense, and the jury, being instructed thereon, afterwards returns a verdict which includes a finding of that fact in favor of the defendant, the same should be treated as a special verdict, and judgment rendered thereon.
There being no plea of estoppel, the court erred in instructing the jury as it did on that question.
Judgment reversed and cause remanded.